## L. D. HUSBANDS v. CITY OF PADUCAH.

[Abstract Kentucky Law Reporter, Vol. 4—992. Later reported in full, 5 Kentucky Law Reporter, 193.]

**Assessment of Real Estate for Taxation.**

   The fact that property is entered upon the assessor's books as the property of the wife when it in fact belongs to the husband is a mere irregularity, and will not affect the assessment and the liability of the property therefor, if it appears that the property described in

the assessor's return is the property against which the tax was intended to be assessed.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

May 17, 1883.

OPINION BY JUDGE HINES:

This is a proceeding to subject a house and lot in the city of Paducah for the payment of taxes assessed against that property in the years 1873 and 1874. The record shows that the property was sold by L. D. Husbands to J. B. Husbands, in 1867, for the sum of $6,000, none of which has been paid; that L. D. Husbands executed to J. B. Husbands a title bond, and that J. B. Husbands has since that time continuously occupied said property.

It is claimed, first, that the assessment and levy is void because the property was assessed in the name of "J. B. Husbands, for wife," while the legal title was in L. D. Husbands and the equitable title in J. B. Husbands. To this it is sufficient to say that Acts 1878, ch. 149, § 5, amendatory of the charter of the city, provides that real estate shall be liable for taxes assessed against it or against the owner thereof, and that the taxes sought to be enforced are assessed, in substantial compliance with the charter, against the specific property sought to be subjected. The fact that it is entered upon the assessor's books as the property of the wife when it is in fact the property of the husband is merely an irregularity that does not affect the assessment and the liability of the property therefor, since it appears that the property described in the assessor's return is the property against which the tax was intended to be assessed. This is an answer to the second error assigned, that is, that the collector in the levy and sale did not follow the assessment. If this return of the assessor shows substantially an assessment against the property instead of against the owner, the identification of the land in levy and sale answers the requirements of the statute.

It is objected in the third place that there should be a reversal because the charter provides that levies for taxes shall be first made on personal property, then on the real property of the assessed; and as the record shows that J. B. Husbands had sufficient personal property to satisfy the demand, the levy and sale of the realty was

void. There are two reasons why this position is not tenable: First, Acts 1878, ch. 149, § 5, provides that real estate against which an assessment is made is liable to be subjected to the payment of the tax; and, second, as the collector has under the charter the same rights, powers and duties in the collection of taxes as a sheriff, the levy and sale is not void on account of such irregularities as have been frequently so held in the cases of sheriffs making such levies and sales.

The objection of appellant, L. D. Husbands, to the effect that as his lien for purchase-money is anterior to the liability for the taxes claimed and to the act authorizing the method of collection, his claim is superior, is not tenable, because of the reciprocity between taxation of property and the protection extended by the government.

Judgment *affirmed.*

*L. D. Husbands, for appellant.*

*P. D. Yeiser, for appellee.*

[Cited, *Alexander v. Aud,* 28 Ky. L. 69, 88 S. W. 1103.]